José A. Campos, Plaintiff and Appellant, v. Manuel Vendrell, Defendant and Appellee. Salustiano Lacourt, Plaintiff and Appellant, v. Manuel Vendrell, Defendant and Appellee.

No. 5430. Argued May 7, 1931.—Decided May 18, 1931.

Pascasio Fajardo Martínez for appellant. Manuel A. García Méndez for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Under No. 5430 there were joined in this Supreme Court the appeals taken in two actions brought in the District Court of Mayagüez by José A. Campos and Salustiano La-

court against Manuel Vendrell claiming compensation for damages suffered by reason of the same accident. Both suits were decided against the plaintiffs.

In their brief of eighty-three pages the appellants assign six errors which could be reduced to one, namely, error in weighing the evidence.

The statement of the case and opinion on which the judgment rendered in the case of Campos was based reads, in its pertinent part, as follows:

"The court, after an examination of the evidence introduced by the parties, considers as proven the following essential facts:

"That the plaintiff, José L. Campos, of age and a resident of Mayagüez, chauffeur, on or about June 21, 1928, at about 10:30 o'clock in the morning, on the Insular public road No. 2 leading from Mayagüez to Rincón, and at the place where said road goes through the ward of Hatillo of the municipal district of Añasco, while driving a Chevrolet automobile, plate P–260, belonging to Salustiano Lacourt, met with an accident, which accident was a collision between car No. P–260, driven then and there by the plaintiff, and a truck Graham Brothers, plate No. HP–85, belonging to the defendant, Manuel Vendrell, and being driven by him; with the result that both vehicles were seriously damaged, and the plaintifff, José A. Campos, received injuries in several parts of his body as a proximate and only consequence of said collision. . . .

"After carefully examining and weighing all the evidence introduced for the purpose of determining the cause of the accident, which occurred when the two vehicles met while going in opposite directions, the court comes to the conclusion that from all the evidence adduced by both sides a conflict in the evidence arises which this court adjusts in favor of the defendant, after specially considering the manner of testifying and the conduct of the witnesses on both sides at the trial, because in its opinion the plaintiff has failed to prove the fault and negligence with which the defendant has been charged by the plaintiff in this case, all of which is in accordance with the following jurisprudence: (citing several cases).

"As the plaintiff herein has brought his action based on section 1803 of the Civil Code, and the court has solved in favor of the defendant the conflict in the evidence as to the cause of the accident in this case, therefore the court, having held that the plaintiff has

failed to prove the negligence of the defendant in said accident, does not proceed to examine the evidence submitted by the plaintiff in support of the damages which according to his complaint he has suffered, because the court is of the opinion that as the plaintiff has failed to prove the fault and negligence of the defendant, it is unnecessary to consider the claim for the damages which the plaintiff alleges to have suffered by reason of the collision."

The case of Lacourt was submitted by stipulation of the parties on the same evidence introduced in that of Campos. The statement of the case and opinion, on which the judgment is based is similar to that filed in the other case.

As an example of the conflict in the evidence, we will transcribe the following passages of the testimony of the plaintiff, Campos, who was driving the Chevrolet, and of the defendant, Vendrell, who was driving the truck.

Campos testified:

"I was coming from Aguadilla between ten and eleven o'clock in the morning by the ward of Hatillo, Añasco, along public road No. 2 returning from Aguadilla and I saw a truck coming very fast, zig-zagging, and when I saw it coming in that way I stopped my car, tried to stop, blew my horn, and he did thus and struck my car on the left side."

And Vendrell testified:

"Q.—In what were you going?
"A.—I was going in a truck driven by me and at that straight portion of the Añasco road in going over a crossing, I made out a small car coming, an automobile, and I went on; as I was approaching it I took to the right, but I noticed that it was approaching in the same direction, and I was already near and sounded the klaxon and applied the brakes and stopped sharp, and the chauffeur of the car was looking towards the steering wheel, and what happened was that on hearing my klaxon he applied the brakes, but it was too late and stayed in the middle of the road and there was a head on collision and the two cars were destroyed."

In connection with the above facts there were questions and answers and statements of several witnesses one way or

the other, the mind of the judge moving finally, when weighing the testimony, in the direction which we already know.

The analysis of the evidence made by counsel for the appellants reveals an extraordinary effort, but it can not lead us to the conclusion that the district court committed manifest error in deciding the conflict in favor of the defendant.

The circumstance that the court might have cited erroneously some legal precept or some jurisprudence as applicable when in point of fact it was not, does not constitute such an error as would warrant a reversal of the judgment, since it has had no influence whatever in weighing the facts and the rule of law that applied derives exclusively from the facts themselves.

We can not agree with the appellants that the court was bound to take up the consideration and assessment of the damages suffered by the plaintiffs. It matters not that the plaintiffs received injuries, if such injuries, although caused by the collision, were not due to the fault or negligence of the defendant. It was the fault or negligence charged in the complaint against the defendant that would have made the latter liable for the injuries. We think that it was not even necessary for the court to dwell, as it did, on a detailed description of the injuries.

The judgment appealed from must be affirmed.